UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| FRIEDRICH LU,<br><br>Plaintiff,<br><br>v.<br><br>DIANE SMITH et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 15-14081-DJC<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM AND ORDER

**CASPER, J.**                                                                                         September 2, 2016

**I.     Introduction**

Defendants Diane Smith ("Smith") and Trustees of Boston University ("BU") seek dismissal of Plaintiff Friedrich Lu's amended complaint, filed *pro se*, which alleges that Smith and BU violated 42 U.S.C. § 1983, the Massachusetts Civil Rights Act, Mass. Gen. L. c. 12, § 11I ("MCRA"), and engaged in fraud under Massachusetts common law. D. 5 ¶¶ 3a-3c. BU and Smith seek dismissal on all three counts. D. 12. Lu opposes the motion, having filed a one-page motion to strike, D. 17. For the reasons set forth below, Defendants Smith and BU's motion is GRANTED in part and DENIED in part.[1]

---

[1] Lu additionally filed two motions for sanctions, D. 15; D. 21, relating to Defendant Smith's contention that she is not a state actor for purposes of § 1983, an issue that is addressed in this Memorandum and Order. Both motions are denied.

## II.     Standard of Review

In consideration of a motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable inferences therefrom." Ruiz v. Bally Total Fitness Corp., 496 F.3d 1, 5 (1st Cir. 2007) (citing Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999)); Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009)). Thus, the Court accepts all non-conclusory factual allegations listed in the complaint as true. Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). Still, the Court does not have to consider "bald assertions" or "unsupported conclusions." Doyle v. Hasbro, Inc., 103 F.3d 186, 190 (1st Cir. 1996). When a plaintiff files a complaint *pro se*, the Court applies a liberal reading to his pleadings. Kruskall v. Sallie Mae Serv., Inc., No. 15-cv-11780, 2016 WL 1056973, at *1 (D. Mass. Mar. 14, 2016) (quoting Green v. Com. Of Mass., 108 F.R.D. 217, 218 (D. Mass. 1985)). A *pro se* plaintiff, however, must still comply with procedural and substantive law and "dismissal remains appropriate . . . when the complaint fails to even suggest an actionable claim." Overton v. Torruella, 183 F. Supp. 2d 295, 303 (D. Mass. 2001).

## III.    Discussion

### A.     Count I:  42 U.S.C. § 1983 Claim

In Count I, Lu alleges that all defendants, including BU and Smith, violated 42 U.S.C. § 1983 by "contravening [his] rights secured under due process and equal protection clauses of the Fourteenth Amendment." D. 5 ¶ (3)(a). BU and Smith move for dismissal of this claim on multiple grounds:  that BU and BU police officers are not state actors subject to § 1983; that Lu does not allege an equal protection violation; and that Lu does not allege either a substantive or procedural due process violation. D. 13 at 8-13.

To state a § 1983 claim, Lu must demonstrate (1) that the conduct complained of transpired under the color of state law and (2) as a result, Lu suffered a deprivation of rights protected by the

Constitution or the laws of the United States.  Klunder v. Brown Univ., 778 F.3d 24, 30 (1st Cir. 2015); Rinsky v. Trs. of Boston Univ., 2010 WL 5437289, at *4-5 (D. Mass. Dec. 27, 2015).  As to the first prong, Lu must allege "that the conduct complained of transpired under color of state law."  Klunder, 778 F.3d at 30.  For BU or Smith to have acted under color of state law, it must be fair to characterize BU or Smith as state actors.  Id. (quoting Estades-Negroni v. CPC Hosp. San Juan Capestrano, 412 F.3d 1, 4 (1st Cir. 2005)).  To assess whether a private party conducted itself as a state actor, the Court examines three distinct inquiries.  Id. at 5; Malachowski v. City of Keene, 787 F.2d 704, 710 (1st Cir. 1986).  First, under the state compulsion test, the Court addresses whether the state "has exercised coercive power or has provided such significant encouragement, either overt or covert, that the [challenged conduct] must in law be deemed to be that of the State."  Id. (quoting Blum v. Yaretsky, 457 U.S. 991, 1004 (1982)) (alteration in original).  Second, under the nexus test, a private party can be considered a state actor when the circumstances demonstrate that the state has "so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant" in the alleged wrongdoing.  Rinsky, 2010 WL 5437289, at *4 (quoting Estades–Negroni, 412 F.3d at 5).  Third, the Court applies the public function test, in which "a private party is viewed as a state actor if the plaintiff establishes that, in engaging in the challenged conduct, the private party performed a public function that has been 'traditionally the exclusive prerogative of the State.'"  Estades–Negroni, 412 F.3d at 5 (quoting Blum, 457 U.S. at 1005).

Under the state compulsion test, Lu fails to allege how BU or Smith performed as state actors.  Lu has alleged no facts that "even suggest that either BU or its personnel were acting pursuant to any governmental influence."  Rinsky, 2010 WL 5437289, at *3; Estades-Negroni, 412 F.3d at 5 (concluding that appellant failed to allege facts that showed how the state coerced or

encouraged appellees to participate in her involuntary commitment). The complaint alleges that BU police officers act "under color of statute, regulation, policy, custom, or usage of BU police department," D. 5 ¶ I(8), but this alone does not cure the deficient complaint. This Circuit has found that self-governance by an educational institution does not qualify as state action. See Klunder, 778 F.3d at 31-32. Lu also fails to allege facts that support a plausible finding under the nexus test, because Lu provides no allegations that demonstrate that a state actor was in a position of interdependence with BU or its officers such that it functions as a joint participant with pervasive entwinement. See Rinsky, 2010 WL 5437289, at *4 (concluding that plaintiff failed to establish the nexus test because her complaint provided no reason to think that the town had insinuated itself into the college's programming and curriculum).

As to Smith, Lu's claim may survive under the public function test: where the private party performed a public function that is traditionally in the exclusive province of the state. Under the pubic function test, it is not enough for the plaintiff to show that the private actor performed a public function, but instead that the private entity "assumed powers 'traditionally exclusively reserved to the State.'" Barrios-Velazquez v. Asociacion de Empleados del Estado Libre Asociado de Puerto Rico, 84 F.3d 487, 493-94 (1st Cir. 1996) (quoting Rockwell v. Cape Cod Hosp., 26 F.3d 254, 256 (1st Cir.1994) (internal quotation omitted). The activities that fall within the public function test "are few and far between" and "are characterized by exclusivity born of pervasive government involvement." Santiago v. Puerto Rico, 655 F.3d 61, 69 (1st Cir. 2011). Lu makes three allegations that could be construed together to allege state action under the public function theory: that Smith stated that the BU officers "are equivalent to state police," D. 5 ¶ I(1), that Smith told Lu that he could be arrested for trespass because he is on Boston University property, D. 5 ¶ I(2)(a), and that "[a]ll BU police officers . . . are appointed special state police troopers."

D. 5 ¶ I(6)(a). Defendants argue that appointment as a special state police officer does not change this analysis for Boston University Police Department ("BUPD") officers, and that no state action exists here. D. 13 at 12-13. For the purposes of the motion to dismiss where the Court must assume the truth of the allegations in the complaint, however, Lu has plausibly alleged that Smith performs a public function that is the exclusive prerogative of the State.

While it does not appear that there is any First Circuit precedent directly on point, some courts have ruled that a delegation of power from state police meant that campus officers were acting under the color of state authority. Henderson v. Fisher, 631 F.2d 1115, 1118-19 (3d Cir. 1980) (holding that the delegation of municipal police powers to the campus police supported the conclusion that the campus police act under the color of state authority); Stokes v. Nw. Mem'l Hosp., No. 89 C 2352, 1989 WL 84584, at *4 (N.D. Ill. July 20, 1989) (ruling that "when the state gives a private party exactly the same powers as the police . . . and the private party exercises these powers and uses them to infringe upon the constitutional rights of another, there is state action sufficient to hold the private individual liable under § 1983"). At the very least, the well pled allegations in the complaint preclude granting the motion to dismiss as to Smith. See Klunder, 2011 WL 2790178, at *5-7 (denying summary judgment as the university's police officers) and cases cited.

As to BU, however, Lu's claim must fail. "[T]ort theory of respondeat superior does not allow imposition of supervisory liability under § 1983" and "§ 1983 liability cannot rest solely on a defendant's position of authority." Ramírez-Lluveras v. Rivera-Merced, 759 F.3d 10, 19 (1st Cir. 2014) (citing Grajales v. P.R. Ports Auth., 682 F.3d 40, 47 (1st Cir. 2012); Guadalupe-Báez v. Pesquera, 819 F.3d 509, 514-15 (1st Cir. 2016) (citing Ramírez-Lluveras, 759 F.3d at 19). Instead, Lu is required to provide a "causal connection between the supervisor's conduct and the

constitutional violation." Ramírez-Lluveras, 759 F.3d at 19 (citing Feliciano-Hernández v. Pereira-Castillo, 663 F.3d 527, 533 (1st Cir. 2011)).  This showing requires presenting allegations that the supervisor or supervising entity's conduct led to the constitutional violation at issue, id. at 19-20 (quoting Hegarty v. Somerset Cnty., 53 F.3d 1367, 1380 (1st Cir. 1995)), and that "the supervisor's liability [is] premised on his own acts or omissions." Guadalupe-Báez, 819 F.3d at 515 (internal citations omitted).  This can be shown through "direct participation" or "condonation or tacit authorization" of the misconduct. Jones v. Han, 993 F. Supp. 2d 57, 67 (D. Mass. 2014). Here, Lu provides no allegations that show either direct participation or tacit authorization of Smith's behavior to Lu.  Thus, Count I must be dismissed against BU.

Assuming that Smith was acting as a state actor, § 1983 claims additionally require Lu to allege that he was deprived of a right secured by the Constitution or the laws of the United States. Lu has not plausibly alleged an equal protection or substantive due process violation.  The equal protection clause "prohibits a state from treating similarly situated persons differently because of their classification in a particular group." Pollard v. Georgetown Sch. Dist., 132 F. Supp. 3d 208, 222-23 (D. Mass. 2015) (quoting Mulero-Carrillo v. Roman-Hernandez, 790 F.3d 99, 105-06 (1st Cir. 2015)).  To plead a § 1983 claim based on an equal protection violation, Lu "must allege facts plausibly demonstrating that compared with others similarly situated," the plaintiff was "selectively treated . . . based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." Harrington v. City of Attleboro, 15-cv-12769-DJC, 2016 WL 1065804, at *6 (D. Mass. Mar. 16, 2016) (quoting Mulero-Carrillo, 790 F.3d at 106).  This showing of disparate treatment is a "threshold requirement" of any equal protection claim. Ayala-Sepulveda v. Municipality of San German, 671 F.3d 24, 32 (1st Cir. 2012).  Here, Lu has provided no allegations that he was

6

treated differently from others similarly situated, and his amended complaint does not make mention of the treatment of others. D. 5. Moreover, even if Lu was asserting an equal protection clause violation under a "class of one" theory, his claim is not sufficiently stated for the same reason. See Buchanan v. Maine, 469 F.3d 158, 177-78 (1st Cir. 2006) (granting summary judgment to defendant on "class of one" equal protection claim because the plaintiff "failed to show any 'specific instances' involving *similarly situated* individuals" that were treated differently) (emphasis in original). For these reasons, Lu's equal protection claim under § 1983 must be dismissed.

Lu also fails to state a substantive due process claim. "To establish a substantive due process claim, a plaintiff 'must show … that the acts were so egregious as to shock the conscience' and 'that they deprived him of a protected interest in life, liberty, or property.'" Pollard, 132 F. Supp. 3d at 227 (quoting Pagan v. Calderon, 448 F.3d 16, 32 (1st Cir. 2006)). To shock the conscience, the alleged conduct must be "extreme and egregious" or "truly outrageous, uncivilized, and intolerable." Id. (quoting Pagan, 448 F.3d at 32) (internal quotation mark omitted). Lu has provided no allegations of actions by BU or Smith that would shock the conscience. See, e.g., Thomas v. Town of Salisbury, 134 F. Supp. 3d 557, 565-67 (D. Mass. 2015) (dismissing claim where one defendant was accused of believing untrue testimony, encouraging negative testimony against the plaintiff and displaying bias against the plaintiff and other defendants were accused of providing false testimony related to hearsay statements); Cruz-Erazo v. Rivera-Montanez, 212 F.3d 617, 623-24 (1st Cir. 2000) (dismissing claim because the "majority of the conduct alleged by appellants was not physically intrusive or violent, nor did it 'strike at the basic fabric' of any protected relationship" and concluding that appellants failed to state a claim that the verbal harassment and intimidation violated due process); Lu v. Emergency Shelter Comm'n of City of

Boston, 2 F. App'x 12, 14 (1st Cir. 2001) (dismissing substantive due process claim because, among other things, failed to allege any actions that "approach the 'shocks the conscience' standard").

BU and Smith also move to dismiss Lu's procedural due process claim on the basis that he did not allege that he was deprived of a liberty or property interest. D. 13 at 13. To establish a proper claim, Lu must "identify a protected liberty or property interest and allege that defendants, acting under color of state law, deprived [him] of that interest without constitutionally adequate process." González-Droz v. González-Colón, 660 F.3d 1, 13 (1st Cir. 2011) (quoting Aponte–Torres v. Univ. of P.R., 445 F.3d 50, 56 (1st Cir.2006) (alteration in original). Reading Lu's complaint liberally, the Court concludes that Lu has alleged a property rights violation in that he alleges he was on public property and that he had a right to access that public property. D. 5 ¶¶ I(1)-I(d)(3); see Catron v. City of St. Petersburg, 658 F.3d 1260, 1266-67 (11th Cir. 2011) (holding that individuals have "a constitutionally protected liberty interest to be in parks or on other [public] lands of their choosing that are open to the public generally"); Papachristou v. City of Jacksonville, 405 U.S. 156, 164 (1972) (explaining that wandering or strolling from place to place are "unwritten amenities that have been in part responsible for giving our people the feeling of independence and self-confidence"); Kent v. Dulles, 357 U.S. 116, 125-26 (1958) (holding that the Supreme Court recognizes a right to travel as part of an individual's liberty interest which cannot be deprived without due process); see also City of Chicago v. Morales, 527 U.S. 41, 53-54 (1999) (Stevens, J., concurring) (recognizing that "the freedom to loiter for innocent purposes is part of the 'liberty' protected by the Due Process Clause of the Fourteenth Amendment" and that "an individual's decision to remain in a public place of his choice" is part of his liberty interest). BU and Smith contend that Lu has not presented a protected interest because the grounds upon which the incident

occurred are private property.  D. 13 at 13.  Any question as to whether the property was public or private, however, is a factual inquiry to be determined after the motion to dismiss stage.  For purposes of this motion to dismiss, Lu has plausibly alleged a protected interest.

In sum, Count I must be dismissed to extent that it asserts a 1983 claim based upon equal protection or substantive due process violation.  Count I survives to the extent that it asserts a procedural due process claim against Smith.

### B. Count II:  Massachusetts Civil Rights Act Claim

Count II alleges that Smith and BU violated the MCRA.  D. 5 ¶ 3(b).  Defendants contend that (1) Lu has not demonstrated that his federal constitutional rights were interfered with as a result of his encounter with BUPD on November 4, 2015 and (2) Lu has not alleged nor could he prove that Defendants BU or Smith interfered with any of his rights via threat, intimidation or coercion as required by the MCRA.  D. 13 at 13-15.

To establish a claim under the MCRA, a plaintiff must demonstrate first that "his exercise or enjoyment of rights secured by the Constitution or laws of either the United States or of the Commonwealth . . . has been interfered with, or attempted to be interfered with, and  . . . that the interference or attempted interference was by 'threats, intimidation or coercion.'"  Bally v. Ne. Univ., 403 Mass. 713, 717 (1989); Kennie v. Nat. Res. Dep't of Dennis, 451 Mass. 754, 759 (2008) (quoting Buster v. George W. Moore, Inc., 438 Mass. 635, 644 (2003)).  Under the MCRA, "an interference with a secured right is only a violation of the Act if it is accomplished through threats, intimidation, or coercion," which was a purposeful limitation that "prevents the act from creating a vast, constitutional tort."  Kennie, 451 Mass. at 763 (citing Freeman v. Planning Bd. of W. Boylston, 419 Mass. 548, 564 (1995)).  A threat under the MCRA is "the intentional exertion of pressure to make another fearful or apprehensive of injury or harm."  Ayasli v. Armstrong, 56

Mass. App. Ct. 740, 750-51 (2002) (quoting Planned Parenthood League of Mass., Inc. v. Blake, 417 Mass. 467, 474 (1994)). Intimidation is putting someone in fear to compel or deter some type of conduct. Id. Coercion is "the application to another of such force, either physical or moral, as to constrain him to do against his will something he would not otherwise have done." Id. (quoting Deas v. Dempsey, 403 Mass. 468, 471 (1988)). In assessing whether a defendant's conduct constitutes a threat, intimidation or coercion under the MCRA, the Court employs a reasonable person standard. Haufler v. Zotos, 446 Mass. 489, 505 (2006) (citing Blake, 417 Mass. at 474-75).

As described above, Lu has stated a plausible claim for a violation of his procedural due process rights secured by the Constitution. For Lu's MCRA claim to survive, he must also have adequately alleged that the enjoyment of his rights were hindered by threats, intimidation or coercion. Reading Lu's complaint liberally, the Court finds that Lu has plausibly alleged an MCRA claim. It is true that Lu does not provide any allegations that either of the officers used physical force against him or physically intimidated him. D. 5 at 1-3; cf. Blake, 417 Mass. 467 at 475-76 (affirming judgment against defendants under the MCRA because defendants "intentionally used their bodies or Kryptonite bicycle locks, or both, to prevent others physically from entering, leaving, or using medical facilities to obtain abortions to which they were constitutionally and lawfully entitled"); Haufler, 446 Mass. at 506-07 (concluding that defendant's aggressive conduct that included running toward an individual with a rake in hand and shouting epithets and forcing a worker accompanied by a law enforcement officer off of property constituted threats and intimidation under the MCRA). Massachusetts case law, however, has recognized cognizable claims under the MCRA when no physical confrontation ensued. See Sarvis v. Boston Safe Deposit and Trust Co., 47 Mass. App. Ct. 86, 92 (1999) (concluding that a pattern of

threatening to call police could constitute threats, intimidation or coercion under the MCRA). Here, the complaint alleges that the BU officers told Lu that he may be arrested for trespass, that Lu would be arrested for trespass if he returned to any BU building or the surrounding area, and that the officers' representations that they had such authority caused Lu not to ignore them and go about his business. D. 5 ¶¶ I(2)(a), I(d)(3), I(6)(b). This plausibly demonstrates a threat or coercion under the MCRA. See Sarvis, 47 Mass. App. Ct. at 88-89, 92 (determining that the defendants' statements forewarning of confrontations with the police for trespass could reasonably be viewed as threats within the meaning of the MCRA); Batchelder v. Allied Stores Corp., 393 Mass. 819, 823 (1985) (explaining that a uniformed security officer ordering the plaintiff to stop soliciting political handbills was sufficient conduct to constitute intimidation or coercion under the MCRA). Thus, the Court denies dismissal of Count II.

### C. Count III: Fraud Claim

Lu further alleges under Count III that Smith and BU committed fraud. Fraud under Massachusetts law requires "1) a false representation of a material fact, 2) made with knowledge of its falsity, 3) for the purpose of inducing a party to act thereon and 4) that the party relied upon the representation as true and acted upon it to its detriment." CardiAQ Valve Techs., Inc. v. Neovasc, Inc., 57 F. Supp. 3d 118, 123 (D. Mass. 2014) (citing Slaney v. Westwood Auto, Inc., 366 Mass. 688, 703 (1975)); Taylor v. Am. Chemistry Council, 576 F.3d 16, 31 (1st Cir. 2009). When alleging fraud, such allegations must comply with Fed. R. Civ. P. 9(b), that "a party must state with particularity the circumstances constituting fraud or mistake" which is satisfied by "an averment of the who, what, where, and when of the allegedly false or fraudulent representation." Fraser v. Prudential Ins. Agency, LLC, No. 14-cv-14161, 2014 WL 10936589, at *3 (D. Mass. Dec. 3, 2014), report and recommendation adopted, No. 14-cv-14161-GAO,

11

2015 WL 9450896 (D. Mass. Nov. 5, 2015) (citing Fed. R. Civ. P. 9(b) and Rodi v. S.N.E. Sch. of Law, 389 F.3d 5, 15 (1st Cir. 2004)). "This standard means that a complaint must specify the time, place, and content of an alleged false representation." Kruskall v. Sallie Mae Serv., Inc., No. 15-cv-11780, 2016 WL 1056973, at *5 (D. Mass. Mar. 14, 2016) (quoting U.S. ex rel. Gagne v. City of Worcester, 565 F.3d 40, 45 (1st Cir. 2009)).

In support of this claim, Lu alleges a conversation between the BU officers and Lu regarding whether he was trespassing on BU property. D. 5 ¶¶ I(1)-I(4). Here, Lu does provide the "who, what, where, and when" in detailing the conversation. CardiAQ Valve Techs, 57 F. Supp. 3d at 123. Lu's recitation of this alleged conversation alleges that the officers provided Lu with a material misrepresentation about the jurisdiction of campus police and its legally authorized scope of authority and contends allegations that the officers' comments were made with knowledge of falsity. D. 5 ¶¶ 2(a), (b). Even assuming that these allegations are sufficient as to the allegedly false misrepresentation, the Court must dismiss Count III because Lu has failed to allege his reliance on such misrepresentations. The amended complaint instead implies the opposite: Lu indicates that he protested against the officers' representations, that he planned to write the BU police chief and that ultimately he intended to file a lawsuit. D. 5 ¶¶ 3-4; cf. Kruskall, 2016 WL 1056973, at *5 (dismissing claim because "Kruskall does not allege that she relied upon the statements"). For at least this reason, Lu has failed to state a claim for relief under Rule 12(b)(6) with respect to Count III. The Court grants dismissal of this claim against Smith and BU.

### D.      Service of Process

BU additionally moves for dismissal under Fed. R. Civ. P. Rule 12(b)(5). D. 13 at 16-18. BU argues that Lu has not demonstrated that a copy of the summons and the complaint were delivered to an appropriate person or agent for BU and thus Lu has failed to comply with Rule

4(h). D. 13 at 17-18. Under Rule 4(h), a litigant may make service on BU: (1) by following the state law process for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made or (2) delivering a copy of the summons and the complaint to an officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(h); Leung v. Citizens Bank, No. 12-cv-11060-FDS, 2013 WL 1992453, at *2 (D. Mass. May 10, 2013). Under Massachusetts rules, service of process can be accomplished by either delivering a summons and complaint to an officer, a managing or general agent or the person in charge of the business at its principal place of business or by delivering copies to any other agent authorized to receive such service of process. Leung, 2013 WL 1992453, at *2. Here, BU asserts and provides evidence that service of process was not effected in the above-stated manner, D. 13 at 16-18; D. 13-1 ¶ 5; D. 13-3, and Lu provides no meaningful opposition to this argument, D. 17; D. 22.[2] Given, however, the partial dismissal of certain counts, the Court orders as follows below.

---

[2] Lu also filed a motion for sanctions against BU and Smith for fraud on the court related to the service of process. D. 22. The Court denies this motion.

**IV.      Conclusion**

The Court GRANTS Smith and BU's motion under Fed. R. Civ. P. 12(b)(6) as to Count I against BU, as to Count I for the equal protection and substantive due process claims against Smith, and as to Count III against BU and Smith and dismisses those claims. The Court DENIES the motion as to the procedural due process claim asserted in Count I against Smith and as to Count II against both BU and Smith.  Lu shall properly serve an amended complaint that eliminates the struck claims onto the Defendants consistent with the requirements of Rule 4 and must do so before September 23, 2016.  Accordingly, the Court DENIES the motion pursuant Fed. R. Civ. P. 12(b)(5) without prejudice.  For the reasons stated above, Smith and BU's motion to dismiss, D. 12, is GRANTED in part and DENIED in part.  Lu's opposition to this motion, crafted as a motion to strike the motion to dismiss, D. 17, is DENIED.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge
